## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| **IN RE:** <br><br> V.R. KING CONSTRUCTION LLC, DEBTOR <br><br><br> Y2 YOGA COTSWOLD, LLC, PLAINTIFF <br><br> VS. <br><br> V.R. KING CONSTRUCTION LLC, VINROY REID ET AL, DEFENDANTS | **Case No. 18-31436** <br><br> **Chapter 13** <br><br> Adversary Proceeding No: 19-03047 |

NOW COMES the Defendant V.R. King Construction, LLC (hereinafter referred to as "Defendant" or "VR King"), by and through the undersigned attorney, answering Plaintiffs Complaint for Declaratory Relief to Confirm Validity, Priority and Extent of Liens on Real Property and Allow Charges Pursuant to Section 11 U.S.C. 506(b) as follows:

### ANSWER
### JURISDICTION AND VENUE

1. Paragraphs 1-3 are hereby admitted;

2. Defendant, V.R. King has insufficient information to either admit nor deny paragraphs 4-6;

**THE CONSTRUCTION AGREEMENT AND STATE COURT LITIGATION**

3. Defendant, V.R. King has insufficient information to either admit nor deny paragraphs 7-11;

**Y2'S COMPLIANCE WITH NORTH CAROLINA ATTACHMENT STATUTE AND VALIDITY OF ATTACHMENT LIENS**

4. Defendant, V.R. King has insufficient information to either admit nor deny paragraphs 12-28 ;

## DEBTOR'S FIRST UNSUCCESSFUL EFFORT TO DISSOLVE THE ATTACHMENT ORDERS

**5.** Defendant, V.R. King has insufficient information to either admit nor deny paragraphs 29-30 ;

## THE DEBTOR'S FILING OF BANKRUPTCY PROCEEDING ATTEMPTING TO STAY THE JURY TRIAL

6. Defendant, V.R. King has insufficient information to either admit nor deny paragraphs 31-33;

## DEBTOR'S SECOND UNSUCCESSFUL EFFORT TO DISSOLVE THE ATTACHMENT ORDERS

7. Defendant, V.R. King has insufficient information to either admit nor deny paragraphs 34-37;

## JURY VERDICT AND ENTRY OF JUDGMENT IN FAVOR OF Y2

8. Defendant, V.R. King has insufficient information to either admit nor deny paragraphs 38-48;

## Y2'S INDEMNITY CLAIMS ARISING FROM THE DEBTOR'S BREACH OF THE CONSTRUCTION AGREEMENT

9. Paragraphs 49-50 and 50 are hereby admitted;

10. Paragraphs 51 and 52 are hereby denied;

11. Paragraph 53 is admitted to the extent that 11 USC Sect 506(b) speaks for itself and denied as to all other allegations;

12. Paragraph 54 Defendant has insufficient information to admit nor deny;

13. Paragraphs 55-62 are hereby denied;

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment Concerning the Validity, Perfection and Enforceability of Y2's**

**Attachment Line on Real Property Owned by Debtor)**

10. Paragraph 63 requires no answer;

11. Paragraph 64 is hereby denied;

12. Paragraphs 65 is hereby denied;

13. Defendant, V.R. King has insufficient information to either admit nor deny paragraphs 66-68 is neither admitted nor denied;

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment that Y2's Attachment Liens Have Priority Over the Trustee's Rights in the First and Second Attached Properties, and are not Avoidable by the Trustee)**

14. Paragraph 69 requires no answer;

15. Paragraph 70 is hereby denied;

16. Defendant, V.R. King has insufficient information to either admit nor deny paragraphs 71-73;

## THIRD CLAIM FOR RELIEF

**(Allowance of Y2's Indemnity Claims Pursuant to 11 USC Sect. 506(b))**

17. Paragraph 74 requires no answer;

18. Paragraph 75 is hereby denied;

19. Paragraph 76 -79 are hereby denied;

20. Defendant has insufficient facts to admit or deny Paragraph 80-83.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMITIVE DEFENSE  NCGS SECTION 22 B-1

*"Anti-Indemnity Statute"*

North Carolina law states it is against public policy to have an indemnity clause in a construction or service contract.

### SECOND AFFIRMATIVE DEFENSE
### FAILURE OF CONDITION PRECEDENT

To the extent applicable and as may be established through discovery, Plaintiffs claims related to any contract between the parties said claims are barred, in whole or in part, by failure to perform a condition precedent to the same.

### THIRD AFFIRMATIVE DEFENSE ESTOPPEL

To the extent applicable and as may be established through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel. Among other reasons, Plaintiff could have pursued its indemnification claim in state court when it pursued its cost for the state court litigation.

### FOURTH AFFIRMATIVE DEFENSE – IMPOSSIBILITY

To the extent applicable and as may be established through discovery, Plaintiffs claims are barred, in whole or in part, by the doctrine of Impossibility.

### FIFTH AFFIRMATIVE DEFENSE UNCLEAN HANDS

To the extent applicable and as may be established through discovery, Plaintiffs claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE RES JUDICATA

To the extent applicable and as may be established through discovery, Plaintiffs claims are barred, in whole or in part, by the doctrine of *res judicata*.

### SEVENTH AFFIRMATIVE DEFENSE WAIVER

To the extent that Plaintiff is moving for attorney fees outside of the state court matter for attorney fees is was owed as a result of state court litigation said claim has been waived when it failed to request attorney fees in the state court.

### **EIGHTH AFFIRMATIVE DEFENSE ILLEGALITY**

It is against North Carolina public policy to attempt to collect attorney fees from an indemnity clause included in a construction or service contract.

### **NINTH AFFIRMATIVE DEFENSE – UNCONSIONABILITY**

To the extent applicable and as may be established through discovery, Plaintiffs claims are barred, in whole or in part, by the doctrine of unconscionability.

### **TENTH AFFIRMATIVE DEFENSE ATTORNEY FEES NOT RECOVERABLE**

Attorney fees are not recoverable as there is no statute or contract awarding attorney fees.

### **ELEVENTH AFFIRMATIVE DEFENSE RES LACHES**

To the extent applicable and as may be established through discovery, Plaintiffs claims are barred, in whole or in part, by the doctrine of Laches.

### **TWELFTH  AFFIRMATIVE DEFENSE MERGER DOCTRINE**

To the extent that Plaintiff sued and recovered a judgment in state court, Plaintiff is limited to its remedies in the judgment under the "merger" doctrine, in which the cause of action merges into the judgment.

### **OTHER AFFIRMATIVE DEFENSES**

Defendant hereby reserves the right to assert all affirmative defenses, including, without limitation, those affirmative defenses provided in the Federal Rules of Civil Procedure and Rule 8 of the North Carolina Rules of Civil Procedure, as may be appropriate after the completion of discovery and review of all relevant documents.

On this 22nd day of October, 2019.

The Lewis Law Firm, P.A.

s/Robert Lewis, Jr.

ROBERT LEWIS, JR.
Attorney for Debtor(s)
NC Bar # 35806
434 Fayetteville Street
Suite 2330
Raleigh, NC  27602
Telephone: 919.719-3906
Facsimile: 919.573.9161
rlewis@thelewislawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I this day have served a copy of Defendant V.R. King Construction, LLC's Answer to Plaintiff's Complaint for Declaratory Relief to Confirm Validity, Priority and Extent of Liens on Real Property and Allow Charges Pursuant to Section 11 U.S.C. 506(b)

To all the other parties listed below electronically via CM/ECF, e-mail or by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail, as indicated below, this 22nd day of October, 2019.

Shelley K. Abel
Bankruptcy Administrator  (via ECF)

James H. Henderson (via ECF)
1120 Greenwood Cliff
Charlotte NC 28202-2826

A.Burton Shuford (via ECF)
4700 Lebanon Road, Suite A-2
Mint Hill, NC 28227

Vinroy W. Reid  (via U.S. Mail)
P.O. Box 5035
Charlotte, North Carolina 28229

This the 22nd day of October 2019.

THE LEWIS LAW FIRM, PA.

/s/Robert Lewis, Jr.
ROBERT LEWIS, JR.
Attorney for Debtor
NC Bar # 35806
434 Fayetteville St. Ste. 2330
Raleigh, NC  27602
Telephone: 919-719-3906
Facsimile: 919-5739161
rlewis@thelewislawfirm.com