IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:  V.R. KING CONSTRUCTION, LLC ) <br> ) <br> Debtor.                                                      ) <br> ) <br> Y2 YOGA COTSWOLD, LLC                           ) <br> ) <br> Plaintiff,                       ) <br> v.                                                                ) <br> ) <br> V.R. KING CONSTRUCTION, LLC;           ) <br> VINROY W. REID; A. BURTON SHUFORD, ) <br> As Chapter 7 Trustee for V.R. KING              ) <br> CONSTRUCTION AND VINROY REID       ) <br> ) <br> Defendants.                  ) | CHAPTER 13 CASE NO.: 18-31635 <br><br> ADV. PROC. NO.: 19-03047 |

### RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, ALTERNATE MOTION FOR SUMMARY JUDGMENT

Defendant, VR King Construction, LLC responds to Plaintiff's Motion for Judgment on the Pleadings/Alternate Motion for Summary Judgment ("Motion") as follows:

1. Defendant agrees that the Complaint for the Adversary Proceeding as alleged in Paragraph 1 of the Plaintiff's Motion;

2. Defendant agrees that  an was filed on October 23, 2019 as alleged in Plaintiff's Paragraph 2 of the Motion;

3. Defendant agrees that the Trustee filed an Answer on October 24, 2019 as alleged in Plaintiff's Paragraph 3 of the Motion; and

4. Defendant is in agreement with the Court taking judicial notice of the records related to State Court litigation between the parties (the "state court records"), schedules filed in the Debtor's bankruptcy case. Regarding the remaining allegations contained in paragraph 4, no response is required, but to the extent a response is necessary, the allegations are denie;

5. The allegations in paragraph 5 are denied. It is further alleged that Defendants Vinroy Reid and VR King Construction, LLC's responses to Plaintiff's complaint are more than mere denials and in fact set up valid defenses to Plaintiff's claims;

6. Defendant denies the allegations in Paragraphs 6 -7; and

7. As to the allegations contained in Paragraph 8, no response to said allegations is required, but to the extent a response is necessary, Defendants Vinroy Reid and VR King Construction, LLC, deny said allegations.

*Defendant VR King Construction, LLC hereby presents the following arguments in support of its request for the Denial of the Motion for Judgment on the Pleadings, Alternative Motion for Summary Judgment and/or its request for the Dismissal of the Plaintiff's Complaint filed in this proceeding:*

**A**. Denial of the Motion and/or dismissal of the complaint are required because the Plaintiff did not properly perfect it's Attachment Liens from the Trustee's section 544(a) strong arm powers," by filing a *lis pendens* as required by State Law.  Under North Carolina law, a *lis pendens* preserves the priority of a lien that arises after an order of attachment has been perfected by judgment and levy. In re Medlin, 229 B.R. 353, 358 (Bankr. E.D.N.C. 1998); see also N.C. Gen. Stat. § 1-118 (stating that a purchaser or encumbrancer receives constructive notice by a crossindexing of a *lis pendens*). Therefore, Defendant alleges that as a subsequent bona fide purchaser or hypothetical lien creditor it will take the property subject to a properly recorded notice of *lis pendens*. Id (holding that a *lis pendens* filed eleven months before the debtor filed for bankruptcy entitled the creditor to priority as against subsequent lienors or bona fide purchasers); cf. Cutter v. Cutter Realty Co., 265 N.C. 664, 144 S.E.2d 882 (1965).

In the present case the Plaintiff has not provided documentation evidencing that it has provided notice to the Defendants by a cross-indexing of a *lis pendens*. As a result, Plaintiff's pre-petition attachment liens have not been perfected as it relates to this Bankruptcy proceeding and its post-petition judgment is void ab initio.  Defendant believes that Plaintiff's post-petition judgment is a preference, and since Plaintiff did not file a *lis pendens* it failed to perfect its liens.. Defendant further believes that the Court in *Medlin* explained it best when it opined, "the advantage of *lis pendens,* however, is that it fixes the priority of the lien that arises when the order of attachment is subsequently perfected by judgment and levy. "The date to which the lien relates back . . . , with respect to real property, is the time at which the notice of the order of attachment is docketed in the record of *lis pendens* in the Country where the property is located." Id.; see also N.C. Gen. Stat. § 1-440.33(b)(1). Thus, a subsequent bonafide purchaser or lien creditor takes the property subject to a properly recorded notice of *lis pendens. Cf.* Cutter v. Cutter Realty Co*., 265 N.C. 664, 144 S.E.2d 882 (1965)

**B**. Denial of the Motion and/or dismissal of the complaint are required pursuant to the provisions of N.C.G.S. Sect. 22-B-1 which states that Construction Indemnity Agreements are invalid under Public Policy and are therefore null and void.

Pursuant to N.C.G.S Sect. 22B-1, a party can seek indemnity for the sole negligence of another party.  However, Plaintiff did <u>not</u> recover under a negligence claim and they chose their sole remedy under a breach of contract claim.  If Plaintiff wanted to claim indemnity and attorneys' fees under the contract, they should have specifically asked the Judge for these claims during the state court proceedings.

Moreover, Plaintiff could have appealed the jury verdict and all other Orders denying their numerous prayers for relief, to the court of appeals, which they failed to do. Instead, Plaintiff chose to pursue their claims in Bankruptcy Court.  Defendant believes that Plaintiff is unequivocally wrong about its claims for indemnification.

It should be noted that Plaintiff amended its pleadings at least three times and they were represented by two different law firms, and still never properly presented the indemnity issue.  Additionally, the Directed Verdict Order by Judge Hoover found in favor of the Defendants on the negligence and gross negligence claims. As such, Plaintiff cannot prove sole negligence as required under N.C.G.S. Section 22B-1 as a basis for enforcing an indemnity clause in a construction contract.

**C**.  Denial of the Motion and/or dismissal of the complaint are required pursuant to the Doctrine of Collateral Estoppel which applies to this matter because (1) A final Judgment was entered in State Court; (2) The issues raised in the Plaintiff's action currently pending in Bankruptcy Court are identical to those raised in the prior State Court Proceedings; (3) The State Court that heard the prior matter was a Court of competent jurisdiction; and  (4) the parties to both cases are identical.

It should be noted for the record that the Plaintiff argued the incorporation of the entire contract into the breach of contract claim in all of their state court pleadings, their state court discovery, and again at trial.  Plaintiff also recovered prejudgment interest on the breach of contract claim.  Accordingly the record shows that the claim Plaintiff is alleging here in Bankruptcy Court was definitely tried at the state trial court level as evidenced by the fact that it was the Plaintiff's only means of recovery.

Plaintiff could have appealed the jury verdict and all other Orders denying their numerous prayers for relief,  to the court of appeals, which they failed to do. Instead, they chose to pursue their claims in Bankruptcy Court.

**D**. Denial of the Motion and/or dismissal of the complaint are required pursuant to the Doctrines of Res Judicata and Merger which apply in this case.  Under res judicata, a cause of action may not be relitigated once it has been judged on the merit and by virtue of the Doctrine of Merger, a Plaintiff may not try to recover more damages for a claim or cause of action which has been judged on the merits.  It should be noted for the record that Plaintiff argued the incorporation of the entire contract into the breach of contract claim in all of their state court pleadings,  their state court discovery, and again at trial.  Plaintiff also recovered prejudgment interest on the breach of contract claim.  Thus the record shows that the claim Plaintiff is alleging here in Bankruptcy Court, was definitely tried at the state trial court level as evidenced by the fact that it was Plaintiff's only means of recovery. As mentioned previously, Plaintiff received a Final Judgment through the state court on damages so it cannot now come into Bankruptcy Court seeking to relitigate the same causes of action to recover additional damages.

Moreover, Plaintiff could have appealed the jury verdict and all other Orders denying their numerous prayers for relief,  to the Court of Appeals which they failed to do. Instead, Plaintiff attempting to pursue another bite of the apple and file its claims in Bankruptcy Court.

**WHEREFORE**, the Defendant VR King Construction, LLC, for the aforementioned reasons respectfully requests:

      1.  That the Court deny Plaintiff's Motion for Judgment on the Pleadings/Alternative Motion for Summary Judgment;

      2.  That the Court Dismiss the Plaintiff's Complaint;

      3.  In the event that the Court does not grant a dismissal of the Complaint, the Defendant reserves the right to argue all Special Defenses enumerated in its Answer; and

      4.  That the Court grant such further relief that it deems just and equitable under the circumstances.

This is the 29th day of April 2020.

                                            THE LEWIS LAW FIRM, PA.

                                            /s/Robert Lewis, Jr.
                                            ROBERT LEWIS, JR.
                                            Attorney for Debtor NC Bar # 35806
                                            434 Fayetteville St. Ste. 2330
                                            Raleigh, NC  27602
                                            Telephone: 919-719-3906
                                            Facsimile: 919-5739161
                                            rlewis@thelewislawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that I this day have served a copy of Defendant V.R. King Construction, LLC's Response to Plaintiff's Motion for Judgment on the Pleadings, Alternative Motion for Summary Judgment on the parties listed below electronically via CM/ECF, e-mail or by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail, as indicated below,

    Shelley K. Abel
    Bankruptcy Administrator (via ECF)

    James H. Henderson (via ECF)
    1120 Greenwood Cliff
    Charlotte NC 28202-2826

    A. Burton Shuford (via ECF)
    4700 Lebanon Road, Suite A-2
    Mint Hill, NC 28227

    Vinroy W. Reid (via U.S. Mail)
    P.O. Box 5035
    Charlotte, North Carolina 28229

This the 29th day of April 2020.

                                            THE LEWIS LAW FIRM, PA.

                                            /s/Robert Lewis, Jr.
                                            ROBERT LEWIS, JR.
                                            Attorney for Debtor
                                            NC Bar # 35806
                                            434 Fayetteville St. Ste. 2330
                                            Raleigh, NC  27602
                                            Telephone: 919-719-3906
                                            Facsimile: 919-5739161
                                            rlewis@thelewislawfirm.com