FILED & JUDGMENT ENTERED
Steven T. Salata

February 18 2021

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



_Laura T. Beyer_
Laura T. Beyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **VR KING CONSTRUCTION, LLC** | ) | Chapter 7 |
| | ) | Case No. 18-31635 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| **Y2 YOGA COTSWOLD, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. 19-03047 |
| | ) | |
| **V.R. KING CONSTRUCTION, LLC;** | ) | |
| **VINROY REID; AND A. BURTON** | ) | |
| **SHUFORD, AS CHAPTER 7 TRUSTEE** | ) | |
| **FOR V.R. KING CONSTRUCTION, LLC** | ) | |
| **AND VINROY REID,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION REQUESTING RECONSIDERATION**

**THIS MATTER** is before the court on V.R. King Construction, LLC's ("V.R. King's") December 14, 2020 motion ("Motion") requesting reconsideration of this court's December 2, 2020 Memorandum Opinion and Order Granting in Part Plaintiff's Motion for Summary Judgment; Denying Defendants' Motions to Dismiss,

Motions for Judgment on the Pleadings and Alternate Motions for Summary Judgment; Deferring Ruling on Certain Issues Pertaining to 11 U.S.C. 506(b); and Setting Deadlines for Filing of Proofs of Claim and Any Objections Thereto ("Order"). For the reasons explained below, the court denies the Motion.

The court has previously explained the facts and procedural history relevant to this adversary proceeding. See Y2 Yoga Cotswold, LLC v. V.R. King Construction, LLC (In re VR King Construction, LLC), Ch. 7 Case No. 18-31635, Adv. No. 19-3047, 2020 WL 7063192, at *1-6 (Bankr. W.D.N.C. Dec. 2, 2020). On December 2, 2020, the court entered identical orders in the V.R. King and Vinroy Reid ("Reid") adversary proceedings[1] that resolved many of the common issues in those proceedings. The Order in this adversary proceeding i) grants the Plaintiff partial summary judgment as to its first and second claims for relief (validity, priority, and non-avoidability of attachment liens); ii) denies the Trustee's motions to dismiss; iii) grants the Plaintiff summary judgment with respect to the defenses of res judicata, collateral estoppel, the Rooker-Feldman Doctrine, and the affirmative defenses asserted by V.R. King; iv) found several facts to be established, including the enforceability of the construction

---

[1] An adversary proceeding was simultaneously filed in Reid's Chapter 7 proceeding, case no. 18-31436, and is pending before this court as adversary proceeding no. 19-3049. The parties, the facts pled, the relief sought in each complaint, and the defenses thereto in each of the two adversary proceedings are identical.

2

agreement, the enforceability of the indemnity provision as a reciprocal attorney's fee provision, and the court's ability to adjudicate the Plaintiff's indemnity claims in the adversary proceeding; and v) denied the Rule 12 motion of V.R. King. See id. at *17.

In response to the Order, V.R. King filed the Motion seeking to set aside the Order. Among V.R. King's reasons for setting aside the Order are that the court did not incorporate certain facts in its finding of facts, that the court erred in most of its conclusions of law, that the court did not address V.R. King's affirmative defenses, and the contentions in the affidavit from attorney Christopher Campbell attached to the Motion (the "Affidavit").

The Motion seeks relief pursuant to Rules $59^2$ and $60^3$ of the Federal Rules of Civil Procedure. The Motion is unclear as to which subparts of Rule 59 are relied upon in arguing that the Order should be set aside. The Motion makes no mention of Rule 59(e), which pertains to motions to alter or amend a judgment. It references two other subparts of Rule 59 in paragraph 9 of the Motion, (a)(1)(B) and (a)(2), but it is unclear whether V.R. King is relying on them for relief given that those subparts deal with

---

[2] Federal Rule of Bankruptcy Procedure 9023 makes Federal Rule of Civil Procedure 59 applicable to bankruptcy cases.

[3] Federal Rule of Bankruptcy Procedure 9024 makes Federal Rule of Civil Procedure 60 applicable to Bankruptcy cases.

3

motions for new trials, the court has not held a trial in this adversary proceeding, and the Debtor does not seek a new trial. In paragraph 9 of the Motion, the Debtor does clearly reference Rule 60(b)(6) which states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Rule 60, however, pertains to final orders, and the Order is an interlocutory order with outstanding issues still left to be determined. As a result, the Motion likely should have been filed pursuant to Federal Rule of Civil Procedure 54(b).[4]  See U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC, 899 F.3d 236, 256 (4th Cir. 2018) (citing Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017)). Regardless of the federal rule used to analyze whether to grant the Motion, the result is the same, and the Motion should be denied. Each of the relevant federal rules are addressed in turn below.

The first rule to consider in determining whether to grant the Motion is Federal Rule 59(e). Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Fourth Circuit has recognized three bases for altering or amending a judgment pursuant to Rule 59(e): "(1) to accommodate an intervening change in

---

[4] Federal Rule of Bankruptcy Procedure 7054 makes Federal Rule of Civil Procedure 54(b) applicable to bankruptcy cases.

controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. (citations omitted). Rule 59(e) motions are "an extraordinary remedy which should be used sparingly." Id. (quoting WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 124 (2d ed. 1995)).

Here, the Motion does not identify any new evidence, intervening change in law, or error of law justifying reconsideration. The Motion cites several cases that were cited to and thoroughly briefed in prior pleadings, motions, and briefs including Ivester v. Miller 398 B.R. 408 (M.D.N.C. 2008), Doub v. Hartford Fire Ins. Co. (In re Medlin), 229 B.R. 353 (Bankr. E.D.N.C. 1998), and Edwards v. Edwards, 118 N.C. App 464, 456 S.E.2d 126 (1995). The Motion also asserts many of the same arguments already made in prior filings. The only "new evidence" proffered is the Affidavit. However, the Affidavit does not present new evidence, and instead appears to primarily raise legal

5

arguments in support of setting aside the Order.[5]  Moreover, there is no clear error justifying the extraordinary remedy of reconsideration.  Therefore, setting aside the Order under Rule 59(e) is inappropriate.

The next Rule to consider is Rule 60(b).  Rule 60(b) allows for relief of a party or its legal representative from a final judgment, order, or proceeding.  Rule 60(b)(6) is a catch-all provision that allows for relief from a judgment for "any other reason that justifies relief." Relief under this rule is available only in "extraordinary circumstances." Aikens v. Ingram, 652 F.3d 496, 500-01 (4th Cir. 2011).  "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue" and cannot be used to simply ask the court to change its mind. United States v. Williams, 674 F.2d 310, 312-13 (4th Cir. 1982).

Here, the Motion does not discuss the "extraordinary circumstances" justifying setting aside the Order under Rule 60(b)(6).  As already stated, the Motion is primarily an attempt to reargue issues already determined.  There is no new evidence or new law raised in the Motion, and there are no "extraordinary

---

[5] Federal Rule of Civil Procedure 56(c)(4) made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056 states that an affidavit should set out factual information and does not refer to legal argument. The Affidavit cites the Edwards case and argues it is distinguishable from the facts of this case. Paragraph's 2-40 of the Affidavit read like a brief and are applying facts of the case to the law cited. The court also notes that paragraphs 13-19 of the Motion contain nearly identical language to paragraphs 29-39 of the Affidavit. Based on these considerations, the court strikes the Affidavit and will not consider it in determining whether to grant the Motion.

circumstances" mandating relief. The Motion is simply asking the court to change its mind. As a result, the Motion pursuant to Rule 60(b)(6) should be denied.

The last rule to consider is Rule 54(b). Under Rule 54(b), "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) (citations omitted). Compared to motions to reconsider final judgments pursuant to Rule 59(e), "Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (emphasis omitted). "Nevertheless, the discretion afforded by Rule 54(b) 'is not limitless.'" U.S. Tobacco, 899 F.3d at 256-57 (quoting Carlson, 856 F.3d at 325). While Rule 54(b) can be analogized to the law of the case doctrine, which "gives a district court discretion to revisit earlier rulings in the same case," such discretion is "subject to the caveat that where 'litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" Off. Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (quoting Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964)).

7

Thus, a court may revise an interlocutory order under three circumstances: (1) where a subsequent trial results in substantially different evidence; (2) there is a change in the applicable law; or (3) the prior decision was a clear error and caused manifest injustice. U.S. Tobacco, 899 F.3d at 257.

Here, although the court has more discretion to reconsider an interlocutory order, the Motion still fails to put forth any reason for the court to do so. There has been no subsequent proceeding thus far producing different evidence nor has V.R. King presented any new evidence with its Motion. There has been no change in applicable law, and the Motion merely references case law it previously cited. Finally, the Order was not a clear error resulting in manifest injustice. The issues in this case were properly presented to the court, the parties had ample opportunity to litigate the issues, and the parties did in fact litigate nearly every legal aspect of those issues. Moreover, to grant V.R. King the relief it seeks in this case would lead to an order which is inconsistent with the identical order entered in the Reid adversary proceeding for which no reconsideration has been sought.

In summary, regardless of the Federal Rule used to analyze whether the relief sought in the Motion should be granted, the result is the same. The Motion is largely an attempt to relitigate issues already briefed and considered by the court and puts forth no new evidence or case law justifying reconsideration. In

addition, there is no clear error causing injustice to V.R. King as the court properly heard and thoroughly considered all of the legal issues presented. Revisiting issues already resolved without good reason is not permitted. Accordingly, the court hereby **DENIES V.R. KING'S MOTION REQUESTING RECONSIDERATION.**

**SO ORDERED.**

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |

9